

1  LISA GOLDEN
   P.O. Box 180376
2  Coronado CA 92178

3  (619)920-1788

4  PRO SE

FILED

APR 0 5 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

6                    **UNITED STATES DISTRICT COURT**

7                    **SOUTHERN DISTRICT OF CALIFORNIA**

9  LISA GOLDEN                          )  Case No.:22-CV-000325-LL-
                                        )                      BLM
10                    Plaintiff          )
                                        )  (SECOND AMENDED COMPLAINT)
11                                       )  COMPLAINT FOR :
           v.                            )
12                                       )  (1) PROFESSIONAL NEGLIGENCE,
                                         )      (LEGAL MALPRACTICE)
13  JOHN SMAHA,  SMAHA LAW GROUP , APC,  )  (2) BREACH OF CONTRACT
                                         )  (3) BREACH OF FIDUCIARY DUTY
14  GUSTAVO BRAVO                        )  (4) FRAUD and DEFALCATION
                                         )
15                                       )
                                         )
16                                       )
                                         )
17  _____

19        Plaintiff, Lisa Golden, ("Golden"), alleges:

20        (1)      Plaintiff LISA GOLDEN is an individual currently residing in San Diego, California

21        (2)      Defendant , JOHN SMAHA ("Smaha") is an individual and an attorney licensed to

22  practice law in California with an office in San Diego, California.

23        (3)       SMAHA LAW GROUP ("Law Office") is, and at all times

24  herein mentioned was, A PROFESSIONAL CORPORATION, duly organized and existing under the laws of

25  the State of California with its principal place of business in the City and County of San Diego,

26  California.

27        (4)      Defendant, GUSTAVO BRAVO, is an individual and an attorney licensed to practice

28                    CLAIM FOR PROFESSIONAL NEGLIGENCE

                                    - 1 -

law in California and an associate in the Smaha Law Group ("Law Office") in San Diego, California

(5)     At all times herein mentioned, Defendant Bravo was an associate, employee and agent of the Defendant Law Office and Smaha , and in doing the things herein alleged was acting within the scope of such employment and agency.

(6)     At all times herein mentioned, Defendants Smaha, Bravo , Law Office, And Does 1 through 100, and each of them, were, and now are, attorneys at law, duly admitted and licenced to practice law in the State of California, and doing business in San Diego County, California.

(7)     Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Does 1 through 100, inclusive, when Plaintiff ascertains the identity of such Defendants.

(8)     Plaintiff is informed and believes, and thereon allege, that each of these Defendants is responsible in some manner for the acts and omissions which damaged Plaintiff, and that Plaintiff's damages as alleged herein were proximately caused by their actions or omissions.

(9). Plaintiff is informed and believes and thereon alleges, that at all times herein mentioned, each of the Defendants, and Does 1 through 100, and each of them, were the agents and/or employees of each of the remaining Defendants, and in doing the things herein alleged, were acting within the course and scope of said agency and/or employment, in that the actions of each of the Defendants as herein alleged were authorized, approved, and/or ratified by each of the other Defendants as principals and/or employers.

## FIRST CAUSE OF ACTION
(Legal Malpractice against Defendants Smaha, Bravo, and Law Office, Does 1-100)

10.     Plaintiff refers to and incorporates herein the General Allegations stated in Paragraphs 1 through 9 alleged herein above, and make them a part hereof as though set forth at length.

CLAIM FOR PROFESSIONAL NEGLIGENCE

11.     Plaintiff Golden hired Smaha and Law Office to file a bankruptcy case in the United States Bankruptcy Court in November 2017 and represent her as the Debtor in that case after having been sued as the Defendant in the state court action Rogers v. Golden, Case No. 2013- 50231,  a claim for Partition and Quiet Title of several real assets the partnership had purchased and owned as partners.

12.     Because the state court matter had languished in litigation for over five years with no trial, and Golden had retained a civil attorney in that matter to represent her and on the eve of trial, the state court unilaterally dismissed Golden attorney without cause, leaving her with no recourse and no financial ability to retain another attorney, Golden was referred to Smaha, who stated he could assist her.

13.  Before retaining Smaha and Law Office, Golden had a brief discussion with Smaha who stated he was a very experienced bankruptcy attorney and stated that Golden should file a Chapter 7 Bankruptcy and her partition matter would be adjudicated and split evenly between the partners, and Goldens separate  irrevocable trust assets would be protected from the bankruptcy .  Smaha also stated that he "was expensive" and  his retainer fee of $3500.00 was required immediately to file the case and a "stay" would be issued in the state court matter.

14.  The day immediately preceding the trial in the state court, Smahas paralegal telephoned Golden and stated that "Smaha could not take the case and [Golden] needed to pick up her files and retain a different attorney".  Golden immediately contacted several other bankruptcy attorneys, one of which she retained to replace Smaha.  Golden immediately telephoned Smahas office to retrieve her files and was advised that Smaha was not present and Golden would "have to wait" until he returned after lunch. Golden made several more phone calls to the office demanding they contact S,maha and get his permission to release the files as agreed, Smaha never responded until after 2:00 p.m. that same day, then directed Golden to come to the office and pick up her files, too late for the new attorneys to review the file and complete the required court filings.

15.  Upon arriving at Smahas office, Smaha advised Golden that he planned to keep her case and that he would have his paralegal file the appropriate forms and file them in the bankruptcy court, despite Golden objections.  Smaha intentionally misrepresented the bankruptcy courts filing requirements and advised Golden that she "must sign and electronically file" the forms "before 3:00 p.m." to have the papers processed by the clerk and date stamped that same day.  Golden was given only minutes to review the

CLAIM FOR PROFESSIONAL NEGLIGENCE

1    documents and was forced to sign them or risk not having the stay enacted in the state court. Golden later

2    discovered that Smaha had made numerous errors in the documents which proximately caused the loss of the

3    irrevocable trust assets and the partnership assets when the errors were used to the bankruptcy trustees

4    benefit to seize the assets and liquidate them. These were errors someone of Smahas experience should

5    never have made and Smaha failed to correct his errors , leading to the ultimate loss of an irrevocable trust

6    property with equity in excess of $900,000.00..

7        16. Upon meeting with Smaha previously to discuss the retainer and consult on the bankruptcy

8    filing, Smaha intentionally failed to disclose that Golden would be held financially responsible for the legal

9    fees and administrative fees for the court appointed trustee ("trustee") and that the trustee could file

10    additional litigation to run up those fees significantly in the form of "Adversary complaints", which Golden

11    later discovered were "cases within the bankruptcy case" and the Smaha planned to charge additional

12    retainers for each individual "adversary complaints", and that Golden would also be charged legal fees by the

13    trustee for those as well.

14        Smaha never once advised Golden that she would have been financially better off and would be able

15    to keep her assets if she filed a Chapter 13 instead, never once explaining the differences in the chapters to

16    Golden but leaving her completely ignorant of the risk to her assets. Smaha advised Golden that she would

17    "get to keep her partnership assets" and "the trust asset would be completely safe", neither of which were

18    true. All of Goldens assets, over $3,500,000.00 worth of real property were eventually seized and just

19    recently sold by the trustee who had no intention of releasing any of the cash back to Golden, charging

20    Golden in excess of $1,000,000.00 in legal fees to litigate the bankruptcy against Golden assets and keep

21    them as part of the bankruptcy estate.

22        16. Golden also later discovered that Smaha had intentionally disclosed confidential financial

23    information that he was not required to disclose but did so voluntarily, which significantly contributed to

24    the courts seizure of the irrevocable trust assets, and the courts erroneous findings that alleged Golden was

25    the "alter ego" of the irrevocable trust—allowing the courts appointed trustee to sell the assets as if they were

26    part of the bankruptcy estate. Smaha failed to disclose that Golden was now also at risk of losing her

27    home to the bankruptcy estate , the defense of which cost Golden additional legal fees to protect in a

28    lengthy bankruptcy court battle. Smahas failure to act in good faith has cost Golden additional

CLAIM FOR PROFESSIONAL NEGLIGENCE

- 4 -

1  unnecessary  legal fees and costs in excess of $2,000,000.00 and the loss of all of her assets.  In all matters ,

2  Smaha acted with malice towards Golden , intentionally misinforming her and causing her to lose all of her

3  assets.

4        17.  In addition to the erroneous filings by Smaha regarding the irrevocable trust financial matters,

5  Smaha also failed to correctly designate the trust  asset in the forms, contributing to its seizure and eventual

6  Property loss.  During the course of Smahas retainer, he failed to act with good faith and advised Golden that

7  she could have the bankruptcy matter dismissed if she failed to attend any of the creditor meetings, with no

8  recourse.  That was not true, Golden later learned that the trustee never dismissed cases for failing to attend

9  creditor meetings if there were assets involved that he could liquidate to pay his own fees  and he would

10  instead file additional costly motions to force attendance.

11        18.  During the course of the forced retainer , Smaha was required to attend depositions called

12  "meeting of the creditors" in which the trustee would cross examine Golden on the assets in the estate

13  Smaha only appeared at the first of those meetings and instead of listening to the cross-examination of

14  Golden, spent his time playing games or answering emails on his cell phone,  Golden requested

15  assistance several times from Smaha, who ignored the cross-examination for the most part.  Smaha never

16  appeared at the second "meeting of the creditors", instead leaving Golden to appear on her own, later

17  advising Golden that he "only charged her for one meeting of the creditors" despite charging Golden for

18  the "entire  bankruptcy matter" he advised Golden he would be present for.  Golden had to reschedule

19  the "meeting of the creditors" several more times because Smaha refused to attend and eventually Smaha

20  filed papers to withdraw as the attorney of record, leaving Golden without counsel or her assets.

21        19.  Smaha withdrew as the attorney of record on or about March 9, 2018.

22        20.  The Defendants conduct in not sufficiently preparing Golden for the possible and potential

23  risk to her assets and that of the trust assets  in this litigation and in failing to disclose the true extent of the

24  risk of the assets or the potential additional costs in the form of "Administrative fees" and legal fees

25  Golden would be held responsible for, or to disclose  the alternative of filing a Chapter 13 Bankruptcy

26  instead of Chapter 7 which would completely negate the risk to the assets,  and define the scope or extent to

27  which the trustee could control all of the assets fell below the standard of care.

28

CLAIM FOR PROFESSIONAL NEGLIGENCE

21.   Furthermore, Defendants failure to anticipate the extent of the cross-examination during the "meeting of the creditors" or prepare Plaintiff for those depositions,  and failure to thereafter take necessary measures to sufficiently respond, rebut, or challenge the cross examination fell below the standard of care, as was the failure of Smaha to attend additional "meetings".

22.  . In addition to all of the above, there were other errors and omissions committed by Defendants, and each of them, in failing to properly prepare, and  present the plethora of bankruptcy forms and schedules of financial information to the bankruptcy court, and the lack of professional standard of care and due diligence for accidental  disclosure of privileged confidential financial information  erroneously volunteered in the schedules, fell below the standard of care .

23. The conduct of the Defendants, and each of them, in doing the acts and omissions herein alleged directly resulted in damages and harm to Golden as set out herein.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

24.       Plaintiffs reallege and incorporate Paragraphs 1 through 23, above, as though Fully set forth herein.

25. On or about November 10, 2017, Plaintiffs, on the one hand, and Smaha and Law Office, on the other hand, entered into the Engagement Letter (Exhibit A) whereby Plaintiffs retained Smaha and Law Office  to provide certain legal services in connection with the Bankruptcy action in a competent fashion. Plaintiffs contract with Defendants did not include Plaintiffs' consent to any of the provisions of their  Standard Terms, because Smaha  did not fulfill his agreement and advised Golden he was "not going to file the case" and advised Golden to pick up her files, as Golden agreed, thus negating their original agreement.

26. Plaintiffs performed all conditions, covenants, and promises required on their part be performed in accordance with the  Engagement Letter, with the exception of those conditions which Plaintiffs were prevented and/or relieved from performing by the acts and omissions of the Defendants. Implicit in the parties' contract for legal services was the

CLAIM FOR PROFESSIONAL NEGLIGENCE

requirement to perform such services competently and to not require payment for incompetent services, to not bill excessively or dishonestly and to not require payment of excessive or dishonest bills, and for Smaha and Law Office and its attorneys to comply with the Rules of Professional Conduct (and other applicable laws) in the provision of their services and to not require payment of services violating the Rules of Professional Conduct or other applicable laws.

27. Defendants Smaha and Law Office  breached the  Engagement Letter by incompetently failing to assert and advance at trial a clearly meritorious claim that should and would have prevailed, or to competentlhy advise Golden that a Chapter 13 was in her best interest, to avoid the trustee charging over $2 million in fees and costs in a case in which the creditor claims were only $30,000., and by refusing to turn over all client files to Plaintiffs to retain new counsel .

28. As a direct and proximate result of Defendants' incompetence and contractual breaches, Plaintiffs have suffered compensatory damages in an amount to be proven at trial, but estimated to be approximately $6 million.

### THIRD  AND FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty, Fraud, and Defalcation

29        Plaintiff refers to and incorporates herein the General Allegations and the allegations of the First Cause of Action in paragraphs 1 through 28 alleged herein above, and make them a part hereof as though set forth at length.

30. Defendants, and each of them, owed Goldent a fiduciary duty to act at all times in good faith and in Goldens best interests, and had a duty, among other things, to perform the services for which they were retained with reasonable care and skill, to act in Goldens highest and best interests at all times, and to not expose Golden to any unnecessary risk or peril. This fiduciary and confidential relationship was never repudiated by Defendants at any time herein mentioned.

31. Defendants, and each of them, breached their fiduciary duties and obligations to Plaintiff by doing all of the acts and omissions as herein alleged. Among other things, Defendants breached their duty by failing to properly counsel and advise Golden as to its ability to seek

a change in Chapters to a Chapter 13 to preserve her assets and  in order to limit the litigation, by placing their interest and the bankruptcy  trustees interest in charging unconscionable fees above Golden best interests, and by generally mishandling, mismanaging, and overbilling in this case to such an extent that Golden was forced to incur excessive and unconscionable administrative fees,  legal fees and expenses and ultimately lose all of her assets to the bankruptcy estate despite few if any true creditors having filed claims. Golden position had become so compromised by the failure of the Defendants, and each of them, to manage the litigation in a prudent manner.

32. Furthermore, in doing all of the above described acts and omissions constituting Defendants' breach of their fiduciary duties owed to Golden, Golden sustained damages, including but not limited to, legal fees incurred to Defendants in the amount of $3.5 million, causing the loss of all of her real assets to the trustee and his attorney,  and payment of legal fees to new counsel , receivers hired by the trustee, the receivers counsel to sell the assets, management fees of the properties, and broker fees for the sale of the assets.   Golden sustained further and additional economic and out of pocket losses and damages to be presented at trial, all according to proof.

33. The acts and omissions constituting breach of Defendants' fiduciary duties were committed with oppression, fraud and/or malice within the meaning of 11 U.S.C. 523 (a)(4). As a result, Plaintiff, in addition to actual damages, may recover exemplary damages for the sake of example and by way of punishing Defendants.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs pray that this Court enter Judgment against Defendants, and each of them, as follows:

A. For compensatory damages for the acts complained of herein, in an amount to be proven at trial;

B. For special damages as permitted by law;

C. For such pre- and post-judgment interest as permitted by law; and

D. For such other and further relief as the Court deems necessary or proper.

CLAIM FOR PROFESSIONAL NEGLIGENCE

1

2

The foregoing is true and correct to the best of my knowledge under penalty of perjury.

3

DATED: April 5, 2022

4

/s/ Lisa Golden

LISA GOLDEN

5

In Pro Per

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLAIM FOR PROFESSIONAL NEGLIGENCE

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

LISA GOLDEN

**DEFENDANTS**

JOHN SMAHA, SMAHA LAW GROUP, APC, GUSTAVO BRAVO

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    SAN DIEGO
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

Attorneys *(If Known)*

APR 05 2022

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
11 U.S.C. 523, ( 11 U.S.C. CHAPTER 7) .

Brief description of cause:
LEGAL MALPRACTICE, FRAUD, FEDERAL BANKRUPTCY MATTER

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 4/5/2022 | /S/ LISA GOLDEN |

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____